UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-209

ROSE MOSS, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF
GARY L. MOSS                                                                               PLAINTIFF

v.

UNUM LIFE INSURANCE COMPANY OF
AMERICA, SERVICEMASTER and
SERVICEMASTER HEALTH AND
WELFARE BENEFIT PLAN                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants The ServiceMaster Company, Inc. ("ServiceMaster") and The ServiceMaster Health and Welfare Benefit Plan's (the "Plan") Motion for Protective Order, or, in the Alternative, for Extension of Time to Respond to Discovery (Docket #41). Plaintiff has responded (Docket #48). This matter is now ripe for adjudication. For the following reasons, Defendants ServiceMaster and the Plan's motion is GRANTED.

## DISCUSSION

This case arises from a wrongful denial of benefits claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").[1] Plaintiff seeks recovery of supplemental life insurance benefits through a policy provided by her deceased husband's employer, ServiceMaster. Plaintiff is now seeking discovery in the form of requests for admissions, interrogatories, and requests for production of documents. ServiceMaster has filed

---

[1]The Court determined that ERISA is applicable to this case in its Memorandum Opinion addressing Defendants' Motions to Dismiss, filed concurrently with this Order.

the present motion for a protective order as to these discovery requests.

"Generally, parties in a civil action may obtain discovery regarding any unprivileged matter that is relevant to the claim or defense of any party." *Likas v. Life Ins. Co. of North America*, 222 Fed. App'x 481, 485 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(1)). Discovery is limited, however, in cases arising under ERISA. *See Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 1990) ("Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of [the] goal [to resolve disputes inexpensively and expeditiously]."). In reviewing a denial of benefits claim, "the district court [is] confined to the record that was before the Plan Administrator." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998). The district court should consider outside evidence "only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id.* at 619 (Gilman, concurring).

Plaintiff's discovery seeks information relating to ServiceMaster's leave policy and payments Gary Moss ("Moss") made prior to and following his termination. The Court fails to see how this information could be offered in support of a procedural challenge. From what the Court can discern, Plaintiff intends to challenge the date of Moss's termination by demonstrating that he was entitled to accrued vacation and sick days. Because his termination date would have occurred at a later time, the 31 day conversion period would have been extended. This is a substantive challenge to Unum's decision, and the Court may not consider matters outside the administrative record. In addition, Plaintiff presumably seeks information relating to Moss's payments in order to challenge Unum's denial of benefits based on the administrative record

before Unum at the time it made its decision. In other words, Plaintiff will argue that because Moss made payments after his termination for supplemental life insurance, his coverage should have been extended. Again, this is a substantive challenge. Plaintiff has failed to allege any lack of due process or bias. Accordingly, the Court GRANTS Defendant's motion. Defendant is not required to respond to Plaintiff's interrogatories, requests for admission, and requests for production of documents.

       IT IS SO ORDERED.