UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-209

ROSE MOSS, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF
GARY L. MOSS                                                                           PLAINTIFF

v.

UNUM LIFE INSURANCE COMPANY OF
AMERICA, SERVICEMASTER and
SERVICEMASTER HEALTH AND
WELFARE BENEFIT PLAN                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Alter, Amend, or Vacate, or in the Alternative to Remand (Docket #84). Defendants have responded (Docket #85, 86). Plaintiff has replied (Docket #89). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND

Gary L. Moss ("Moss") was an employee of ServiceMaster from 1989 until his termination due to illness on August 5, 2008. Administrative Record at 16 [hereinafter "AR"]. As part of his employment, Moss participated in ServiceMaster's life insurance plan, effective January 1, 2003. AR at 16. Life insurance coverage was provided by Unum Life Insurance Company ("Unum"). AR at 43. ServiceMaster paid the premiums for basic life insurance in the amount of $110,000.00 and Moss paid $117.20 per month for supplemental life insurance in the amount of $293,000.00. AR at 482-83. Suffering from lung cancer, Moss stopped working at ServiceMaster on January 6, 2008. AR at 22. He became entitled to receive long term disability benefits on April 15, 2008. AR at 389.

Moss passed away on September 24, 2008, approximately two months after his termination from ServiceMaster. AR at 17. Lung cancer was listed as the cause of death. AR at 366. Plaintiff Rose Moss is Moss's widow and life insurance beneficiary. AR at 18.

After he was terminated from ServiceMaster, Moss acknowledged his right to convert his insurance policies, and that he must do so within thirty-one days, by signing and dating a "Notification of Conversion Privilege" form on August 29, 2008. AR at 414. Moss applied for conversion of his life insurance in the amount of $110,000.00 for Moss and $50,000.00 for Plaintiff on September 2, 2008. AR at 415-16. On September 10, 2008, Unum contacted Moss to request completion of two separate enrollment forms. AR at 194-95. The letter stated that a reply must be received by September 26, 2008. AR at 194. Moss passed away on September 24, 2008. AR at 366. On October 24, 2008, Unum sent another letter to Moss indicating that he had not completed the required forms and his file was closed. AR at 182. On November 10, 2008, Unum agreed to reopen the file and provide life insurance benefits to Plaintiff in the amount of $110,000.00. AR at 341-42.

On October 8, 2009, Plaintiff's counsel wrote to Unum requesting copies of all insurance policies, plans and applications. AR at 226. On November 12, 2009, Unum wrote to Plaintiff's counsel advising Plaintiff that Moss was not covered by a group policy and the issue of converted coverage was being addressed separately by the Conversion Unit. AR at 291-93. The Conversion Unit advised Plaintiff's counsel on December 22, 2009, that no supplemental coverage was converted by Moss. AR at 420-22. An appeal of this decision was filed on February 10, 2010. AR at 466-72. Plaintiff's claim for supplemental life insurance benefits was again denied by letter dated March 2, 2010. AR at 593-602.

Plaintiff filed suit in McCracken Circuit Court on November 13, 2009, to recover supplemental life insurance benefits. DN 1-1, p. 5, 11. Defendant Unum removed the case to this Court on December 16, 2009, asserting that the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") governs this case. DN 1, p. 2. Unum submitted the administrative file in this case on October 20, 2010. DN 55. The Court reviewed the administrative file and the parties' briefs, and issued an Memorandum Opinion and Order on May 18, 2011, denying Plaintiff's claim for relief under ERISA and dismissing the case. DN 82, 83. Plaintiff now asks the Court to reconsider its ruling.

**STANDARD**

A court may grant a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A Rule 59(e) motion does not provide plaintiffs another opportunity to argue the merits of their case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

**DISCUSSION**

Plaintiff asks the Court to alter its Opinion "to consider evidence of the fact that Mr. Moss's premiums were paid through the date of his death." Pl.'s Mot. to Alter, DN 84-1, p. 1. In its May 18, 2011, Memorandum Opinion, the Court held that it may not consider evidence

outside the administrative record unless there is a procedural challenge, "such as denial of due process or bias." Mem. Op., DN 82, p. 6. The Court then noted:

> In this case, Plaintiff raises one procedural issue: that an inherent conflict of interest exists because Unum determines and pays benefits. Accordingly, the Court, in considering this, may look to evidence outside of the administrative file. Plaintiff's other arguments rely on outside evidence in support of substantive arguments. Such consideration of outside materials for this purpose is not permitted.

*Id.* Plaintiff now asserts that she also made a procedural challenge on the basis of Defendants' failure to consider Mr. Moss's premium payments.

> The failure of the Plan to provide information to Unum about Mr. Moss's premiums, Unum's failure to fully investigate whether premiums were paid, and the failure to provide Mrs. Moss with information that her late husband had paid premiums (while stating her claim was denied because premiums were not paid) was a lack of due process to Mrs. Moss.

Pl.'s Mot. to Alter, DN 84-1, p. 5.

Plaintiff's argument essentially seeks to frame a substantive argument as a procedural one. Even so, Plaintiff's argument that Mr. Moss's payments following his termination were premiums for continuation of his insurance coverage ignores this Court's prior rulings which held that whether such payments were made or considered is irrelevant. For instance, in the Court's September 24, 2010, Memorandum Opinion, the Court held:

> Once an employee is not working due to injury or sickness, he or she "may continue to be covered for up to 12 months." Unum Policy, DN 24-3, p. 24. The word "may" should be given its ordinary meaning, which cannot be read as a guarantee of coverage for twelve months. . . . The injury or sickness provision does not extend Moss's conversion period because it provides "[i]f you are *not working* due to injury or sickness . . . you may continue to be covered . . . ." Unum Policy, DN 24-3, p. 24 (emphasis added). **Thus, continuation of coverage is conditional on Moss not working due to injury or sickness. Following Moss's termination, he was not working due to his termination, not due to injury or sickness. Accordingly, this provision no longer applied after Moss's termination and whether he continued to pay premiums is**

4

> **irrelevant.** The Plan is unambiguous in stating that coverage ends upon termination, and conversion must take place within 31 days.

DN 49, p. 12 (citations and footnotes omitted) (emphasis added). The Court reiterated this portion of the September 24th opinion in its May 18, 2011, Memorandum Opinion, noting that Plaintiff failed to acknowledge the effect of Moss's termination on his ability to receive continued coverage under the group Policy. "After Moss was terminated, he had to convert his coverage to an individual Policy. His employer was no longer obligated under the Policy to provide premium payments to Unum for his part of the group Policy." DN 82, p. 8. Thus, whether or not Unum considered Moss's alleged premium payments following his termination is not a denial of due process because such payments were irrelevant to Unum's decision regarding whether Moss had converted his coverage. Accordingly, the Court declines to alter its May 18th Memorandum Opinion or to remand this matter to the Plan administrator for further factual findings.

Plaintiff also asks the Court to reconsider its September 24, 2010, Memorandum Opinion in which the Court dismissed Plaintiff's claims for promissory estoppel and breach of fiduciary duty against Defendant ServiceMaster. Plaintiff argues that the Court did not resolve all ambiguities in favor of Plaintiff when considering the promissory estoppel claim. Plaintiff fails to recognize, however, that the Court found that no ambiguity existed between the Plan and the Unum Policy documents and that Moss was no longer working due to his termination rather than his illness after August 5, 2008.[1] Plaintiff also argues that the Court failed to consider a

---

[1] Plaintiff's argument that Moss was not actually working due to sickness before and after his termination is nonsensical. While it is true that Moss's illness resulted in his termination and he could not work after his termination because he was still ill, Moss's termination ended his employment relationship with ServiceMaster. He was no longer working for ServiceMaster

promissory estoppel claim as to ServiceMaster's conduct regarding premium payments. However, the Court previously addressed the payment of premiums in its Memorandum Opinion and a motion to alter does not permit a plaintiff another opportunity to merely argue the merits of his or her case. Plaintiff's argument as to a breach of fiduciary duty claim must also fail as Plaintiff still fails to establish that ServiceMaster was a plan administrator. The Court believes the record is clear on these matters and declines to address Plaintiff's arguments, which were raised in the first series of briefs on this issue, further.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Alter, Amend, or Vacate, or in the Alternative to Remand is DENIED.

---

because he had been terminated. There is no ambiguity in the facts that would lead the Court to determine otherwise.